UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KIMBERLY ANSPACH,
on behalf of herself and all others similarly situated,

Plaintiffs,

v.

FAMILY PRIVATE CARE, INC.

Defendant.

Case No.: _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, Kimberly Anspach ("Plaintiff"), on behalf of herself and all other similarly situated persons, by and through her undersigned counsel, alleges upon personal knowledge as to herself and upon information and belief as to other matters as follows:

## **COMPLAINT**

1. Plaintiff was an employee of Defendant, Family Private Care, Inc. ("Defendant"), and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et. seq.,* (the "FLSA"), Florida's Minimum Wage Act, Fla. Stat. §§ 448.01, *et. seq.* (the "FMWA"), and the Florida Constitution, Art. X, § 24.

2. Plaintiff was a non-exempt Certified Nurse's Assistant and performed nursing and other services for Defendant in Palm Beach County, Florida.

3. At all relevant times, Plaintiff spent more than twenty percent (20%) of her work week providing "care" services as that term is defined by the United States Department of Labor.

4. Plaintiff was an employee of Defendant at all times relevant. To the extent that Defendant misclassified Plaintiff as an independent contractor such designation was improper.

5. Defendant is a Florida corporation that operates and conducts business in, among others, Palm Beach County.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7. This action is intended to include each and every non-exempt Certified Nurse's Assistant, Registered Nurse, Licensed Practical Nurse and Home Health Care Aide (collectively, the "Employees") who worked for the Defendant at any time since January 1, 2015 within the State of Florida.

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §216(b).

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Florida state law wage and hour claims because those claims derive from a common nucleus of operative facts.

10. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(d).

11. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA.

12. At all times relevant to this action, Defendant failed to comply with the FSLA, because Plaintiff, and those similarly situated Employees to her, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to her, for those hours worked in excess of forty (40) within a work week.

13. During their employment with Defendant, Plaintiff, and those similarly situated Employees to her, were not paid time and one-half their regular rate of pay for all hours worked

in excess of forty (40) per work week during one or more work weeks, due to Defendant's misclassification of Plaintiff and those similarly situated to her.

14. The additional persons who may become Plaintiffs in this action are Employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

15. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to her, are in the possession and custody of Defendant.

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

16. The preceding paragraphs are incorporated by reference as if fully set forth herein.

17. Plaintiff brings this FLSA collective action on behalf of herself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of:

> All hourly paid non-exempt Employees who are or were employed by Defendant since January 1, 2105, and who were not paid overtime compensation during weeks which they worked more than forty (40) hours per week (the "FLSA Collective Class").

18. Excluded from the FLSA Collective Class is Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant.

19. Plaintiffs are unable to state the exact number of the class without discovery of Defendant's books and records but estimate that the class exceeds several hundred individuals.

20. Defendant failed to pay Plaintiff and members of the FLSA Collective Class time and one half their regular rate of pay for hours worked beyond forty hours in a work week.

3

21. Defendant's unlawful conduct has been widespread, repeated and consistent. Moreover, Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

22. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class. There are numerous similarly situated, current and former Employees of Defendant who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated Employees are known to Defendant and are readily identifiable through Defendant's records.

## **FLORIDA CLASS ACTION ALLEGATIONS**

23. The preceding paragraphs are incorporated by reference as if fully set forth herein.

24. Plaintiffs brings this action on his own behalf and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class consisting of:

> All hourly paid non-exempt Employees who are or were employed by Defendant since January 1, 2015 and who were not paid overtime compensation during weeks which they worked more than forty (40) hours per week (the "Florida Class").

25. Excluded from the Florida Class is Defendant, its legal representatives, officers, directors, assigns, and successors, or any individual who has or had a controlling interest in Defendant. Also excluded are persons and entities who submit timely and otherwise proper requests for exclusion from the Florida Class.

26. Defendant systematically fails and refuses to pay Employees any overtime compensation. The members of the Florida Class are so numerous that joinder of all members in one proceeding is impracticable.

27. Plaintiff's claims are typical of the claims of other Florida Class members because they were hourly-wage Employees who were never paid overtime compensation even for weeks during which they worked more than forty (40) hours per week. Plaintiff and other Florida Class members have sustained similar types of damages as a result of Defendant's failure to comply with the FLSA, the FMWA and the Florida Constitution. Plaintiff and other Florida Class members have been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

28. Plaintiff will fairly and adequately protect the interests of the Florida Class. Plaintiffs have retained counsel competent and experienced in complex class action and wage and hour litigation. There is no conflict between the Plaintiff and the Florida Class.

29. Common questions of law and fact exist as to the Florida Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a) Whether Defendant failed and/or refused to pay Plaintiff and the Florida Class for all of the compensable time that they performed job related duties;

(b) Whether Defendant failed and/or refused to pay Plaintiff and the Florida Class for all of the compensable time that they worked for Defendant in violation of the FMWA;

(c) Whether Defendant correctly compensated members of the Florida Class for hours worked in excess of forty per work week;

(d) Whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(e) The nature and extent of class-wide injury and the measure of damages for those injuries.

30. Class action treatment is superior to any alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort and expense that numerous individual actions would entail. Individual class members' damages are inadequate to justify the costs of prosecuting their claims in any manner other than a class action. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Members of the Florida Class are readily identifiable from Defendant's own records.

31. Prosecution of separate actions by individual members of the Florida Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Florida Class that would establish incompatible standards of conduct for Defendant.

32. Without a class action, Defendant will retain the benefit of their wrongdoing and will continue a course of action that will result in further damages to Plaintiffs and the Florida Class.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(On Behalf of Plaintiff and the FLSA Collective Class)**

33. The preceding paragraphs are incorporated by reference as if fully set forth herein.

34. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA. At all relevant times, Defendant has employed and continues to

employ, Employees, including Plaintiff and each of the members of the FLSA Collective Class.

35. Plaintiff consents in writing to be a part of this action pursuant to FLSA, 29 U.S.C. § 216(b), and attached hereto as Exhibit A is a copy of Plaintiff's Opt-in form. As this case proceeds, it is likely that other individuals will sign consent forms and join as Plaintiffs.

36. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek. The FLSA also requires each covered employer to pay the minimum wage for all hours worked.

37. Plaintiffs and the members of the FLSA Collective Class were and are entitled to be paid minimum wage and overtime compensation for all hours worked over forty hours per week.

38. Defendant, pursuant to its policies and practices, failed and refused to pay minimum wage and overtime premiums to Plaintiffs and the members of the FLSA Collective Class for all of their hours worked.

39. By failing to compensate Plaintiffs and the members of the FLSA Collective Class for minimum wage and overtime compensation, Defendant has violated, and continues to violate, the FLSA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41. Plaintiff, on behalf of herself and the FLSA Collective Class, seeks damages in the amount of her overtime compensation, liquidated interest, and such other legal and equitable relief as the Court deems just and proper.

42. Plaintiff, on behalf of herself and the FLSA Collective Class, seek recovery of

attorneys' fees and costs, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

**VIOLATION OF THE FLORIDA CONSTITUTION AND
FLORIDA MINIMUM WAGE ACT**
**(On Behalf of Plaintiff and the Florida Class)**

43. The preceding paragraphs are incorporated by reference as if fully set forth herein.

44. Pursuant to Article X, § 24 of the Florida Constitution, and pursuant to statute, Fla. Stat. §§ 448.01, *et. seq.*, Defendant is and was required to pay the Florida Class an overtime minimum wage set by Florida state law. The state's wage requirements apply to Defendant and protect the Florida Class.

45. As set forth in the preceding paragraphs of this Complaint, Defendant has knowingly and willfully refused to pay overtime minimum wages due to Plaintiff and the Florida Class in violation of Florida law.

46. Defendant was not and is not permitted by Florida law, or by order of a court of competent jurisdiction, to withhold or divert any portion of the Plaintiff's and the Florida Class' wages that concern this lawsuit.

47. Defendant was not authorized by Plaintiff or any Florida Class member to withhold, divert or deduct any portion of their unpaid wages which are the subject of this lawsuit.

48. Pursuant to Florida law, employers such as Defendant who intentionally fail to pay an employee wages in conformance with Florida law shall be liable to the employee for the wages that were intentionally not paid, and court costs and attorneys' fees incurred in recovering unpaid wages.

49. Plaintiffs, on behalf of themselves and the Florida Class, seek the amount of underpayments based on Defendant's willful failure to pay minimum wages for all hours worked,

as provided by Florida law, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective Class, seeks the following relief:

A. Designation of this action as a collective action on behalf of the FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff, as the Representative of the FLSA Collective Class;

C. Appointment of Plaintiff's counsel as Lead Counsel for the FLSA Collective Class;

D. An award of damages including but not limited to unpaid overtime wages, lost benefits and liquidated damages, to be paid by Defendant;

E. An award of costs incurred herein, including expert fees;

F. An award of attorneys' fees pursuant to 29 U.S.C. § 216;

G. An award of pre-judgment and post judgment interest, as provided by law; and

H. All such other relief as this Court shall deem just and proper.

**WHEREFORE,** Plaintiff, on behalf of the Florida Class, seeks the following relief:

A. Certification of this action as a class action pursuant to Federal Rule 23 and the appointment of Plaintiff as the representatives of the Florida Class;

B. An award to members of the Florida Class of damages for the amount of unpaid overtime in addition to interest subject to proof;

C. Appointment of Plaintiff's counsel as Lead Counsel for the Florida Class;

D. An award of damages including but not limited to unpaid overtime wages, lost benefits and liquidated damages, to be paid by Defendant;

E. An award of costs incurred herein, including expert fees pursuant to Fla. Stat. § 448.08;

F. An award of attorneys' fees pursuant to Fla. Stat. § 448.08;

G. An award of pre-judgment and post judgment interest, as provided by law; and

H. All such other relief as this Court shall deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Dated: West Palm Beach, Florida
February 15, 2017

*/s Neil B. Solomon*
Neil B. Solomon
Lee S. Shalov*
Brett R. Gallaway*
Wade C. Wilkinson*
McLAUGHLIN & STERN, LLP
525 West Okeechobee Blvd
West Palm Beach, FL 33401
Telephone: (561) 659-4020
nsolomon@mclaughlinstern.com

*Attorneys for Plaintiffs, the FLSA Collective Class, and the Florida Class*

*Motions for *Pro Hac Vice* Admission to be filed.